# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| **NORWOOD WYATT** ) | |
| ) | **C.A. No. 05-655-*** |
| ) | |
| ) | **JURY OF 12 DEMANDED** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **FIRST CORRECTIONAL MEDICAL and** ) | |
| **DR. SITTA GOMBEH ALI** ) | |
| ) | |
| **Defendants,** ) | |

**DEFENDANT FIRST CORRECTIONAL MEDICAL'S RESPONSE TO AMICUS BRIEF FILED BY KENNETH W. RICHMOND, ESQUIRE RE: APPOINTMENT OF COUNSEL**

Defendant First Correctional Medical, hereinafter "FCM" submits that Kenneth Richmond, Esquire, may not be appointed counsel to plaintiff Norwood Wyatt. In response to Mr. Richmond's *Memorandum in Amicus Curiae re: 28 U.S.C. 1915 (e)(1) and The Appointment of Out of State Counsel*, FCM offers the following:

1. Pursuant to United States District Court for the District of Delaware Local Rule 83.5(a), the Local Rules establish the procedure for admittance to the Bar of the District of Delaware. Local Rule 83.5(b) states that the District of Delaware requires admission to practice by the Supreme Court of Delaware as a prerequisite to admission to its Bar. See also; *Frequently Asked Questions*; http://www.ded.uscourts.gov/CLKfaq9.htm.

2. The Local Rules contain a provision for attorneys admitted, practicing, and in good standing in another jurisdiction - Local Rule 83.5(c). Such attorneys may be admitted *Pro Hac Vice* to the District of Delaware. A *Pro Hac Vice* admission requires a District of Delaware Bar Member sponsor. See Local Rule 83.5(d).

3.      In order to become a member of the Federal Civil Panel of the District of Delaware, an attorney admitted to the District of Delaware's Bar may volunteer and fill out an application form. See *Frequently Asked Questions*; http://www.ded.uscourts.gov/CLKfaq13.htm. The application for the Federal Civil Panel requests a State of Delaware Bar Identification Number as well as the date the volunteer attorney was admitted to the District of Delaware.

4.      The Federal Civil Panel was established on May 25, 1999 by Standing Order. See *Frequently Asked Questions*; http://www.ded.uscourts.gov/CLKfaq13.htm. The Standing Order requires, upon the minute order for appointment of counsel by the Court, that the "Clerk's office . . . refer the representation to a member of the Federal Civil Panel. The Clerk's Office shall maintain a list of Federal Civil Panel members . . . , in alphabetical order, and shall refer counsel from that list seriatim." May 25, 1999 Standing Order, (emphasis in original)(attached as Exhibit 1).

**Kenneth W. Richmond, Esquire, May Not Be Appointed to the Federal Civil Panel of the District of Delaware**

5.      Mr. Richmond is not a member of the Delaware Bar, nor is he a member of the District of Delaware. The Local Rules plainly and unequivocally state this Court's procedures for admittance to its Bar. Mr. Richmond does not qualify for a direct admission to the Bar of the District of Delaware. However, Mr. Richmond does qualify as, and pursuant to the Local Rules is currently serving as, *Pro Hac Vice* counsel in another matter before this Court.

6.      The May 25, 1999 Standing Order of this Court for the establishment of a Federal Civil Panel does not contemplate non-District of Delaware Bar members as potential volunteer members of the Federal Civil Panel. Furthermore, the Standing Order does not contemplate, upon judicial recognition for the need of civil counsel, the appointment of a specific attorney to a specific case by a Federal Judge. Rather, the Standing Order clearly indicates that upon the determination

that counsel is required in a civil case, a minute order is entered, and the *Clerk's Office* shall refer to the Federal Civil Panel List *seriatim*.

7. Mr. Richmond may not circumvent the requirements of Local Rule 83.5 by requesting direct appointment to the Federal Civil Panel of the District of Delaware. Furthermore, even if Mr. Richmond was a member of the Federal Civil Panel, the May 25, 1999 Standing Order of this Court does not permit a Judge of this Court to appoint him to a specific case.

8. Mr. Richmond cites several federal cases in support of his position that this Court may appoint him to the Federal Civil Panel. None of Mr. Richmond's cited authority is on point and all can easily be distinguished from the case at bar.

9. Mr. Richmond relies upon *Ex parte Burr*, 22 U.S. 529 (1824), as support for the inherent powers of the federal courts. In *Ex parte Burr*, Mr. Burr sought early readmission, following a period of suspension, to the Circuit Court for the District of Columbia. *Id*. The Supreme Court felt that the Circuit Court had inherent authority to regulate its own admissions. *Id*. This case in fact supports defendant FCM's position that the Local Rules of the District of Delaware control the admission of the members of its Bar. Furthermore, Mr. Richmond is not a suspended member of the District of Delaware Bar.

10. Mr. Richmond's reliance upon *Sperry v. Florida State Bar*, 373 U.S. 379 (1963), is also misplaced. In *Sperry*, a non-lawyer was admitted pursuant to Federal law to the Patent Office and was doing such work in Florida. *Id*. The Florida State Bar sought to have Mr. Sperry enjoined from the unauthorized practice of law pursuant to Florida State law. *Id*. The Supreme Court held pursuant to the Supremacy Clause, no State law could hinder Federal law or an Act of Congress. *Id*. Unlike the case at bar, it is not Delaware State law, but Federal law which prevents Mr. Richmond from practicing law in the District of Delaware.

11.     Mr. Richmond cites *United States v. Andrews*, 749 F. Supp. 1517 (N.D.Ill. 1990)(a copy is attached as Exhibit 2), as evidence that Federal Panel members may come outside of the jurisdiction of the District Court. This case has nothing to do with panel appointment, but rather discusses a Motion to Strike phrases from a criminal indictment as surplusage. *Id*. Even if the case reads as Mr. Richmond states it does, it would be distinguishable from this case as the cited portion contemplates a criminal proceeding. Moreover, case law from the Northern District of Illinois is not binding upon this Court.

12.     Mr. Richmond cites *Surrick v. Killon*, 449 F.3d 520 (3d Cir. 2006), as additional support for his position that lack of bar membership in the State of Delaware does not effect his potential admittance to the Bar of the District of Delaware. In *Surrick*, a Pennsylvania attorney was suspended from the practice of law in the Commonwealth of Pennsylvania and from the practice of law before the Eastern District of Pennsylvania. *Id*. Upon conclusion of his federal suspension, Mr. Surrick returned to federal practice before his Commonwealth of Pennsylvania suspension was finished. *Id.* The Pennsylvania Bar sought to have him enjoined for practicing law within the boundaries of the Commonwealth of Pennsylvania. *Id*. The *Surrick* case is like the *Sperry* Case, where State law seeks to trump Federal law. Moreover, in *Surrick*, the Eastern District of Pennsylvania felt satisfied that Mr. Surrick, who had previously been a member of its Bar, could return to the Eastern District Bar upon the conclusion of his suspension.

13.     The Supremacy Clause is not an issue before this Court as it is Federal law, not State law, which prevents Mr. Richmond from practicing within its jurisdiction.

**Kenneth W. Richmond, Esquire, May Serve as *Pro Hac Vice* Counsel for Norwood Wyatt**

14.     As mentioned in ¶ 2 above, Mr. Richmond may serve as *Pro Hac Vice* Counsel for Mr. Wyatt.

15.   It has been Mr. Richmond's representations to this Court and to defense counsel that he has been unable to secure a local sponsor for his *Pro Hac Vice* status. Counsel for defendant FCM has reason to believe this is untrue.

16.   Shortly after the teleconference with this Court, counsel for defendant FCM contacted the Law Offices of Jeffrey K. Bartels, an attorney who is currently serving as local counsel for Mr. Richmond in other federal cases, to inquire about the status of his local sponsorship of Mr. Richmond in future *Pro Hac Vice* cases.

17.   After conferring with Mr. Bartels, a member of Mr. Bartels' staff informed counsel for FCM that Mr. Bartels was still accepting future *Pro Hac Vice* cases from Mr. Richmond.

## Conclusion

18.   For the above mentioned reasons, defendant FCM submits that Mr. Richmond may not be appointed to the Federal Civil Panel of the District of Delaware.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical

January 26, 2007

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **NORWOOD WYATT** | ) | |
| | ) | **C.A. No. 05-655-*** |
| | ) | |
| | ) | **JURY OF 12 DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST CORRECTIONAL MEDICAL** and | ) | |
| **DR. SITTA GOMBEH ALI** | ) | |
| | ) | |
| Defendants, | ) | |

## CERTIFICATE OF SERVICE

I, **DANA SPRING MONZO**, hereby certify that on this date, copies of the attached *Defendant First Correctional Medical's Response to Amicus Brief Filed by Kenneth Richmond Esquire Re: Appointment* were served upon the following:

**Via U.S. Mail**
**Norwood Wyatt**
**SBI# 167137**
**Delaware Correctional Center**
**1181 Paddock Road**
**Smyrna, DE 19977**

**Via Electronic Mail**
**Kenneth W. Richmond, Esquire**
**Friend of the Court**
**Richmond & Hevenor**
**2019 Walnut Street**
**Philadelphia, PA 19103**

                                      **McCULLOUGH & McKENTY, P.A.**

                                      /s/ Dana Spring Monzo
                                      Dana Spring Monzo
                                      1225 N. King Street, Suite 1100
                                      P.O. Box 397
                                      Wilmington, DE 19899-0397
                                      (302) 655-6749
Dated: January 26, 2007              Attorney for Defendant First Correctional Medical