IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In Re The Establishment      )
of a Federal Civil Panel     )
To Provide Legal Assistance  )
to Indigent Parties in       )
Certain Civil Litigation     )

**STANDING ORDER**

The Court hereby adopts the recommendation of the District of Delaware Task Force on Counsel for Indigent Litigants in Civil Cases to establish a volunteer panel of attorneys hereinafter referred to as the "Federal Civil Panel." The attorneys on the Federal Civil Panel, upon Court authorization, shall represent indigent parties in prisoners' rights, equal employment, and possibly other types of civil cases, consistent with the following policies and procedures:

1.  Upon the determination by the Court that representation of a <u>pro se</u>, indigent party is warranted, the Court may enter a minute order (in a form similar to Attachment A hereto) approving the referral to an attorney pursuant to the procedures set forth herein. Notwithstanding these procedures, however, the Court retains the discretion to request the services

of an attorney in any type of case under such circumstances as it deems appropriate.

      2.  Upon the entry of such a minute order, the Clerk's Office will seek to refer the representation to a member of the Federal Civil Panel.  The Clerk's Office shall maintain a list of Federal Civil Panel members (either individual attorneys or law firms), in alphabetical order, and shall refer counsel from that list <u>seriatim</u>.

      a.  A panel member to whom representation is referred shall exert every reasonable effort to accept the case, to provide good, lawyerlike representation and to continue such representation until the case is concluded.  It is recognized by the Bar that this commitment is essential to the effective operation of the panel.  Representation shall be declined by an attorney only in cases that are devoid of merit or where there is a conflict of interest.  Where, in succession, three panel attorneys or law firms decline to accept a case after reviewing it thoroughly on the merits, no further request for representation shall be made unless there appear to be exceptional circumstances, including, without limitation, circumstances such as a party's serious mental or physical disability.

b.  If representation is accepted, the panel attorney will immediately inform the indigent party of the referral and arrange an initial conference.  Within 30 days after the initial conference, either the indigent party or the panel attorney may decline, without explanation, to proceed with the representation.[1]  Upon the indigent party's request, a referral to another attorney may be made.  In cases in which a fund may be created or a fee may be shifted as a result of the attorney's services, a written agreement covering fees and expenses will be entered into by the indigent party and the attorney.

c.  In any calendar year, large law firms on the Federal Civil Panel may be asked to accept up to three such actions, but will not be asked to have more than a total of four such actions pending at any one time.  For individual practitioners and small firms on the Federal Civil Panel, the limit shall be one action per calendar year and a total of two pending at any particular time.  A large firm, for this purpose,

---

[1]This initial period -- in which either the indigent party or the attorney may decline the representation -- may be extended by agreement for an additional 30 days.  If the attorney finds it necessary to ask for leave to withdraw after the representation has been entered into and an appearance has been entered for the indigent party, the Court will give due consideration to the public service nature of the representation.

3

is one having 30 or more lawyers.  Firms and practitioners may volunteer to take additional representations.

3.  As an alternative to representation, and subject to Court approval, the indigent party and the attorney may agree to have the attorney act as a consultant.

4.  A referred attorney or law firm may represent the indigent party as such counsel would represent any indigent client.  As to discovery costs and trial expenses, court stenographers and others, including medical experts, are hereby encouraged to charge reduced, pro bono rates as some of them now do for other indigent litigants.  Counsel may, but shall not be required to, advance costs.

5.  The Court will appoint a lawyer to serve as Program Coordinator for the Federal Civil Panel, who shall be available to discuss specific problems and panel issues with panel members and the Clerk's Office.  The Program Coordinator also will serve on the Committee on the Provision of Legal Services to Low Income People of the Delaware State Bar Association.

6.  The Court recognizes that these are public interest representations and, to the extent practicable, will consider this factor in case management and scheduling.  For example, when a referred attorney encounters problems with a correctional

system in communicating with a prisoner, the Court will consider entering an order requesting the prison's cooperation.

   7.  The Court will review the operation of the Federal Civil Panel on an annual basis.  The Court and the Bar will meet at least bi-annually to discuss panel matters of mutual concern. Educational and training sessions will be conducted from time to time.  Any attorney or law firm having an unresolved panel matter may bring it before the Court.  The Court and the Bar will study and consider other alternative dispute resolution procedures that may be appropriate in certain prisoner cases and will encourage the correctional system to handle prisoner claims administra-tively whenever feasible.

   8.  As part of the panel program, attorneys will be given informative materials in the subject area for which they volunteer.  In the employment area, for example, attorneys will be given Richey's "Manual on Employment Discrimination Law in Federal Courts" (Federal Judicial Center 1988) or a comparable reference manual.  The Court will endeavor to make attorneys on the Federal Civil Panel eligible to attend CLE programs sponsored by the Eastern District of Pennsylvania's Prisoner Civil Rights Panel and its Plaintiffs Employment Attorney Panel for no charge.

9. Panel attorneys with significant experience in the field of equal employment matters will be available to confer with other referred attorneys on particular issues.

10. The Committee on the Provision of Legal Services to Low Income People of the Delaware State Bar Association and all interested attorneys in this District have agreed to conduct an intensive and ongoing campaign to increase and maintain the number of attorneys and law firms involved in providing legal services to indigent persons and shall include the Federal Civil Panel as part of that multi-faceted effort. The Court values and strongly endorses this effort to provide counsel in appropriate cases for persons unable to obtain counsel themselves who assert claims that their civil rights have been violated. The Court and the Bar shall join together in making this program successful.


Dated:  May 25, 1999                Joseph J. Farnan, Jr.
                                        Chief Judge


                                    Sue L. Robinson
                                          Judge


                                    Roderick R. McKelvie
                                          Judge


                                    Gregory M. Sleet
                                          Judge