IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Norwood Wyatt ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-655-*** |
| ) | |
| First correctional medical and ) | |
| Dr Sitta Gombeh Ali ) | |
| ) | |
| ) | |
| Defendant. ) | |

SUPPLEMENT - TO MOTION FOR APPOINTMENT OF COUNSEL

( ITEM # 16 on DOCKET SHEET , motion DATED- July 26th ,2007)

comes now, Norwood Wyatt, plaintiff, pro se, and moves this Honorable Court, pursuant to Title 28 U.S.C. 1915(e)(1) and 1914(d), to reconsider his previous motion for appointment of counsel.

in support of this reconsideration, plaintiff submits the following :

   1. complexity of this case , - the below standard medical care issues, demonstrating the serious level of neglect involved, creating the necessity for counsel as well as expert testimony , in which plaintiff is unable to obtain counsel or provide such witness of his own, placing plaintiff at a serious disadvantage.

   2. plaintiffs Limited access to research materials , Limited resourses in which research can be made.

   3. plaintiff has made numerous attempts to obtain counsel of his own to no avail , with the exception of Mr.Richmond who is more then willing to accept the appointment if granted by the courts,   ( see attachments ).

4. stemming from the teleconference held January 19th, 2007 plaintiff has learned that first correctional medical may have been operating under department of corrections direction without proper insurance, this being the case plaintiff will find it necessary to depose company, as well D.O.C. officials, this of course, will require the plaintiff be represented by counsel, furthermore if FCM was operating under contract for D.O.C., certain D.O.C. officials may be implicated, requiring that the plaintiff amend his complaint, this in turn presents the plaintiff with a slew of new Legal complications that only an attorney can navigate through. please take these new developments in determining plaintiffs need for counsel.

WHEREFORE plaintiff respectfully request this Honorable Court to grant this reconsideration of previous motion for appointment of counsel to preserve the slightest opportunity for success in this matter.

Respectfully submitted

*Norwood Wyatt*

on this 26th day of January, 2007

Norwood Wyatt # 167137

Delaware correctional center

1181 paddock Road

Smyrna, De 19977

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Norwood Wyatt                            )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )   Civil Action No. 05-655-***
                                         )
First correctional medical and           )
Dr Sitta Gombeh Ali                      )
                                         )
                                         )
        Defendant.                       )

CERTIFICATE OF SERVICE

I Norwood Wyatt herby certify that on this date, supplement to motion for appointment of counsel, was furnished upon the following :

Dana Monzo , esq  1225 N.King st  #1100  Wilmington , De 19801

Clerk of the Court  844  N.King st   Wilmington , De 19801

Submitted this 26 day of January , 2007.

*Norwood Wyatt* (signature)
Norwood Wyatt # 167137
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

# RICHMOND & HEVENOR
Attorneys at Law
2019 Walnut Street
Philadelphia, Pa. 19103

215-523-9200
(fax) 215-523-9214
e-mail: richmond-hevenor@comcast.net
kennyrichmond@comcast.net

Kenneth William Richmond, Esq.
E. William Hevenor, Esq.

New Jersey Offices
Suite 333
1060 N. Kings. Hgwy.
Cherry Hill, NJ 08034
(609)667-7883
Fax (609)667-3477

March 9, 2006

Mr. Norwood Wyatt,
#167137
Delaware Correctional Center
1181 Paddock Road, Smyrna, DE 19977

Re: Wyatt v. First Correctional Medical
DDC # 105CV655KAJ

Dear Mr. Wyatt,

    We have carefully reviewed your complaint and the material documenting your bladder stone and the September 8, 2005 the Cystolitholpaxy and TURP procedure and your ample documentation for the 14 months of extreme discomfort and the required grievances. Unfortunately, I cannot represent you unless the Federal District Court appoints me. To explain, at the moment I have three death cases against FCM and the State of Delaware. One is in suit, another will be by May 4th and a third will be filed shortly thereafter. In addition, I have another, non death case involving under-treatment of hepatitis. As an out of state attorney, I must proceed as "pro hac vice" counsel, which means "for this case only". Should I take on any more Delaware cases, I would have to be admitted to the Delaware Bar.
    You will have one further hurdle to cover to keep your claim in the federal court on eighth amendment grounds – showing willful, knowing neglect of your condition by employees of FCM, and this will require a medical opinion by an expert in Correctional Medical Care. Secondarily,

Norwood Wyatt
3/9/06; page 2


Dr. Sun will also have to testify that in his opinion, the failure to make a referral and authorize the required procedure represents a departure from the standard of care for a medical provider.

If Judge Jordan permits you to proceed and appoints counsel, I'll be happy to accept the appointment, and you have my permission to indicate this if the occasion arises. There is one other possibility, a class action which is under contemplation, but so far we have an insufficient number of claims.

I want to assure you that you have my personal sympathy. I'm returning your copies because you may need them in another context. If the court permits it, I will welcome the opportunity to revisit your claim.

Very truly yours,

Kenneth W. Richmond

KWR/ec
enclosure: File

**GRADY & HAMPTON, LLC**
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER   (302) 678-1265
SUSSEX  (302) 855-1313
FAX     (302) 678-3544

November 18, 2005

Norwood Wyatt
SBI 167137
Delaware Correctional Institution
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Wyatt:

    I remain interested in your case. However, I have been contacted by close to 50 inmates or their families concerning medical care and other issues in the prison. I am sorting through the cases as quickly as time allows to determine if there are steps I can take to help in each situation. I do not have the ability to file 50 different lawsuits. If I am able to combine some cases or join in a class action lawsuit with other attorneys, I will be able to handle more cases. The cases that I take individually will be cases with clear negligence and substantial damages.

    The reports I am receiving are that sick call at DCC and HRYCI is practically non-existent. CMS has been back on the job since July 1st, 2005, but it has not reduced the huge back-log of sick calls. I understand the back-log to number in the thousands.

    I understand that the only doctor providing services at HRYCI, is a doctor from another State hospital who comes to HRYCI several nights a week. Otherwise, medical care is being provided by nurse practitioners and nurses. My understanding is that Dr. Rodgers is part time at DCC. When she goes on vacation there isn't any doctor to cover DCC.

    It has always taken a long time for medical grievances to be addressed, but my impression is that now medical grievances are rarely being addressed at all. Probably because non-existent sick call has lead to many more grievances. I encourage you to continue to grieve all legitimate claims you have about poor health care.

    One of my goals for any prison lawsuit that I file is to force the State to provide proper treatment for inmates in the system. There is no reason that Delaware should be paying over $25,000,000.00 a year for health care, and yet the health care provider doesn't even provide enough doctors to begin to correct the problem. My goal is to see that this situation is changed as soon as possible.

**GRADY & HAMPTON, LLC**
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER   (302) 678-1265
SUSSEX  (302) 855-1313
FAX     (302) 678-3544

February 3, 2006

Norwood Wyatt
SBI# 167137, S1-C17
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Wyatt:

    Currently my caseload is too heavy to allow me to take on any more cases.

    Sincerely yours,

    *[signature]*

    Stephen A. Hampton

SAH:slh

# THE FREIBOTT LAW FIRM, P.A.

3407 LANCASTER PIKE
P.O. BOX 30128
WILMINGTON, DE 19805
PHONE: (302)633-9000
FAX: (302)633-9113
EMAIL: INFO@FREIBOTTLAW.COM

October 12, 2006

Norwood Wyatt
167137, S1
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

      Re:    Your Matter

Dear Mr. Wyatt:

    Please be advised that I am in receipt of your letter today, October 12, 2006 regarding your request for legal representation. Please be advised that I am not interested in pursuing this matter. Thank you and I wish you good luck in the future.

Very truly yours,

Frederick S. Freibott

FSF/jag

# Murphy Spadaro & Landon

### ATTORNEYS

1011 CENTRE ROAD, SUITE 210

WILMINGTON, DELAWARE 19805

PHONE 302.472.8100

FAX 302.472.8135

Philip T. Edwards
Direct Dial: 302-472-8102
pedwards@msllaw.com

October 25, 2006

Norwood Wyatt
167137, S1
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

    RE:    **Potential Medical Malpractice**

Dear Mr. Wyatt:

    I am in receipt of your correspondence seeking legal representation concerning a medical malpractice action. Unfortunately, we shall be unable to represent you in this matter. Enclosed please find the materials you forwarded to me in their entirety. Please know your claim is subject to a two year statute of limitations.

Very truly yours,

Philip T. Edwards

PTE

136435.doc

# aclu delaware

December 6, 2006

Ms. Terry Corson
446 W. Cayuga Street
Philadelphia, Pennsylvania 19140

Dear Ms. Corson:

    Thank you for writing to the ACLU of Delaware. We know that prisoners have great difficulty getting help and regret that we cannot provide you and Mr. Wyatt with individual direct representation. Our decision is not a judgment on the legal merits of your case; rather, it is a realistic judgment based on our limited staff and resources. We are also not able to act as a lawyer referral service.

    Each month we receive dozens of letters from inmates throughout the state regarding their medical situations. We have been in the process of collecting and analyzing information from Delaware inmates who suffer from inadequately treated medical conditions, and we are conferring with colleagues about the feasibility of collective legal action or other forms of advocacy. We are particularly interested in long-term inmates who believe they have received inadequate treatment for chronic conditions such as diabetes, heart conditions, HIV/AIDS, cancer, hepatitis, and tuberculosis.

    Again, thank you for writing to the ACLU of Delaware. We are sorry that we cannot provide you with representation. Again we recognize the difficulties you and Mr. Wyatt face, we encourage you to continue to be a strong advocates for yourselves.

Sincerely,

Julia M. Graff
Staff Attorney

I/M Norwood Wyatt
SBI# 167137    UNIT S-C17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
844 N. King Street (LockBox18)
Wilmington, De 19801