# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Norwood Wyatt | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-655-*** |
| First correctional medical, Dr. Sitta Gombeh Ali, Stan Taylor, Joyce Talley, | ) **Jury Trial Demanded** |
| Defendant. | ) |

## CIVIL COMPLAINT



FILED
MAR -15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I. JURISDICTION

1. 28 U.S.C.S. 1331 Federal Question: this is a civil action brought pursuant to 42 U.S.C.S. 1983 alleging that each of the defendants named above, while acting under color of state law, in the manner described below, violated the plaintiff's right under U.S. amend. VIII, to be free from the infliction of cruel and unusual punishment and deliberate indifference to a substantial risk of harm from denial of needed medical treatment.

II. THE PARTIES

1. the plaintiff Norwood Wyatt is currently residing at the below captioned address at the delaware correctional center - inmate # 167137 and has been in the custody of the Delaware department of corrections since July-1999.

2. Defendant first correctional medical, Inc of tucson Arizona, is a corporation whose approval was required but withheld for needed, specialist medical care for the plaintiff who suffered with medical episode arising in July, 2004.

3. Defendant Dr. Sitta Gombeh Ali, is a physician licensed in Delaware who provided medical care and oversaw the infirmary-(Hospital) at the Delaware - correctional center where the much needed medical care was withheld from the plaintiff.

4. Defendant Stan Taylor was the commissioner for the Delaware department of corrections for the state of Delaware, who on or about June, 2002, entered into an agreement with first correctional medical-LLC, the alter-ego for defendant first-correctional medical for the provisions of comprehensive medical care for inmates incarcerated by the Delaware department of corrections.

5. Joyce Talley was the burearu chief for the beureau of management services, Delaware department of corrections, who was specifically in charge of oversight of inmate health care services and the medical vendor contract compliance, including responsibility for detailed reviews of inmate greivences, during the events described below.

III. THE FACTS

1. First correctional medical, Inc is an Arizona corporation which is a vendor of medical services that responded to Delaware department of corrections request for proposal that was published and circulated among medical care vendors sometime between January, 2002 and May, 2002 the defendant first correctional medical presented its proposal and accreditation from the national commission of correctional health care when submitting its bid to the Delaware department of corrections to provide medical care to inmates.

2. on or about July, 2002 an alter-ego or subsidary corporation known as First correctional medical of Delaware, LLC commenced buissness as the actual vandor for medical care being provided to the Delaware department of corrections, while the Defendant first correctional medical in Arizona retained control over Hospital and specialty care referrals for the plaintiff in the year of 2004.

3. it is believed and therefore averred that at no time prior to July, 2005 did the Delaware, LLC receive any independent accreditation from the national commission on correctional health care, and at all times relevant the defendants Taylor and Talley, who were ultimately responsible for the contract performance of the medical vendor, relied on the NCCHC accreditation of the parent company, first correctional medical,- Inc, in Arizona.

4. in spite of request for much needed medical treatment plaintiff having made ample documentation of events, having record of such medical sickcall slips and untimely medical care set forth in greivences therefore the dates set forth are approximate.

5. July 24, 2004 - plaintiff submitted medical sick call slip stating plaintiff experiencing difficulty urinatig, and discomfort, plaintiff was never seen by physician or medical staff.    see  exhibit # 1

6. August 12, 2004 - 8:20pm plaintiff was sent to the infirmary by building sargent Robert Cain due to pain and blood in urine, plaintiff was seen by nurse by the name of Brenda who did urine sample showing all high levels of Blood / infection she set up emergency fill in appointment with nurse Claret for the following morning. **see exhibit # 2**

7. August 13, 2004 plaintiff seen by nurse Claret 9:17am paintiff unable to urinate since the prior, nurse recommended penile catheter to empty plaintiff's bladder plaintiff was catheterized by male nurse named astin plaintiff was given (antibiotic) - Bactrin 800 mg and sent back to housing unit.

8. September 10, 2004 plaintiff on medical list for X-Rays at 9:00am various X-Rays taken of mid-section.

9. September 14, 2004 plaintiff was transported by correctional officers mitchel and hastings to mid-Delaware imaging in Dover, De intervenious inserted into plaintiff's arm various X-rays taken of mid-section. **see exhibits # 11-12**

10. September 28, 2004 plaintiff seen by Dr.Trvedi iforming plaintiff of X-Ray results that were taken September 14th at mid-Del imaging in Dover, reports stating urinary bladder stone 2 centimeters in size Dr.Trevedi informed plaintiff he would convey to Dr.Ali plaintiff needs to be seen by uroligist due to X-Ray results.

11. October 29, 2004 plaintiff transported by correctional officers carr and hastings to uroligy associates of De, Milford, De plaintiff examined by Dr.Suh confirming urinary bladder stone, catheterizing plaintiff due to urinary retention, recommending prison medical staff catheterize plaintiff twice daily also prescribing surgery.

Dr. Suh also informed plaintiff any prolonged period may lead to a more serious medical condition.   see exhibit # 13

12. January 14, 2005 plaintiff transported by correctional officers Carr and Hastings to uroligy associates of Delaware in Milford, Dr. Suh performed cystoscopy examination on plaintiff, confirming urinary bladder stone and diagnosing high neck-bladder, prescribing surgery and antibiotic, plaintiff informed Dr.Suh of the manner in which he had to releive himself that was not normal. see exhibits #14-15-16

13. May 20, 2005 8:00am plaintiff seen by prison Doctor Maria Mancuso recommending surgery and antibiotics prescribed in January by Dr. Suh.

14. plaintiff wrote letter to warden Thomas Carroll, making him aware of plaintiff's untimely medical treatment to seriuos medical need. see exhibit # 17

15. at all times relevant to his treatment through July 1, 2005 plaintiff's medical care was being conducted under the supervision of defendant Dr.Sitta Gombeh Ali, who as medical Director of First correctional medical of Delaware, LLC required the approval of first correctional medical Arizona in order to secure treatment and specialist referral for the plaintiff who was under her charge. it is believed and therefore averred that defendant Dr. Sitta Gombeh Ali knowingly and intentionally declined to obtain the needed approvals for the medical needs of the plaintiff for reasons unjustified and constitutionally impermissible cost containment practices.

16. in spite of the above prescribed surgery, plaintiff was denied medical-treatment to serious medical need by the actions of defendants in which plaintiff suffered for more then a year (14 months) with a serious medical condition.

17. January 10th, 2005 and March 29th, 2005 plaintiff filed medical greivences due to untimely medical treatment to serious medical need. see exhibits #5-8

CLAIM - I

plaintiff V. Stan Taylor And Joyce Talley

42 U.S.C. 1983

U.S. CONSTITUTION amend. VIII

each of the foregoing paragraphs are incorporated herein as though fully set forth and in addition, plaintiff alleges that all times relevant hereto, defendants Taylor and Talley were under budgetary constraints which they knew or should have known were inadequate to meet the medical needs of the inmate population they were in charge of overseeing.

it is known to defendants Taylor and Talley that the profit of the medical vendor, First correctional medical and its alter-ego or subsidiary first corretional medical of Delaware, LLC was inescapably dependent on restricting access to outside Hospital and specialty care.

in addition to the foregoing, defendants Taylor and Talley, as the ultimate persons responsible for contract compliance for the mdical provider at the times relevant to this complaint, intentionally neglected to investigate the actual care delivered to inmates in general in spite of knowledge that the vendor had difficulty in securing payment for care from DHSS medicaid administrators in Delaware which caused severe $800,000,00 arrearages in payment to outside medical providers.

in addition to the foregoing, defendants Taylor and Talley intentionally, or with deliberate indifference ( to a substantial risk of harm to the inmates needing outside medical care) withheld needed cooperation from first correctional medical to obtain inmate eligibility for medicaid, all while knowing that the medical vendor was unwilling or unable to pay for outside medical services.

at no time during the period between July 1, 2002 and july, 2005 did defendants Taylor and Talley implement, order or undertake any investigation to determine the level of care being provided to inmates in general by monitoring medical greivences, by review or audit of specific items recommended by the NCCHC or by requiring any explination for the inordinate number of inmate deaths as reported by the Federal bureau of prisons, except for ordering an audit by the National commission on - correctional health care after discovering that outside vendor bills were going unpaid.

at no time during the tenture of first correctional medical did defendants Taylor or Talley seek or even discuss medical budget increases from the budget director in the office of the govenor, or from the legislature all while knowing that that the vendor prior to first correctional medical could not deliver needed inmate medical care at budgeted amounts for - 2001 and 2002 that were greater than those bid by first correctional medical.

as a result of the conscious, deliberate indifference to the serious medical needs of inmates as described, the defendants, first corretional medical, Dr.Sitta Gombeh Ali, were enabled in the denial of urgently needed medical care in the present case which resulted in constituionally forbidden pain and suffering for the plaintiff.
/

WHEREFORE, the plaintiff respectfully request Judgment against the defendants Taylor and Talley for the pain, suffering, humiliation, plaintiff experienced from the needed but withheld medical treatment, together with punitive damages, compensatory, and all legal cost as permitted.

CLAIM - II

plaintiff V. first correctional medical, Dr. Sitta gombeh Ali

42 U.S.C. 1983

U.S. CONSTITUTION amend. VIII

each of the foregoing allegations are incorporated herein as though fully set forth, and in addition it is alleged that defendants first correctional medical, Dr.sitta Gombeh Ali, acted or failed to act despite knowledge of a substantial risk of serious harm could actually befall the plaintiff Norwood Wyatt as a direct result of withholding needed medical care.

each of the defendants in this claim were directly resposible for the medical care and supervision of the infirmary-(Hospital) at Delaware correctional center at the times indicated above and actually knew or should have known that the plaintiff suffered with a serious medical condition that required immediate referred medical treatment to prevent further complications and or disability.

WHEREFORE, the plaintiff respectfully request Judgment against the defendants First correctional medical, Dr.Sitta Gombeh Ali, for the pain, suffering, humiliation, plaintiff experienced from the needed but withheld medical treatment, together with punitve damages, compensatory, and all legal cost as permitted.

Statements enclosed coincide with exhibits, all exhibits have been previously filed With the courts.

Exhibits were filed in two-(2) parts.

Exhibits 1 thru 16 were filed with Status report dated - December 18th, 2006 item # (39) on docket sheet.

Exhibits 17 thru 33 were filed December 29, 2006 item # (40)- On docket sheet.

I Norwood Wyatt hereby certify all statements contained herein to be true And correct to the best of my knowledge.

Dated March 9th, 2007

Respectfully submitted

*Norwood Wyatt*

Norwood Wyatt # 167137
Delaware correctional center
1181 Paddock road
Smyrna, De 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Norwood Wyatt ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-655-*** |
| ) | |
| first correctional medical , ) | |
| Dr.Sitta Gombeh Ali , ) | |
| Stan Taylor , Joyce Talley ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

I Norwood Wyatt hereby certify that on this date copy of civil complaint was furnished to the following : via first class mail

Dana Monzo, esq   1225 N.King Street  # 1100  Wilmington , De 19801

Clerk of the Court   844 N.King Street  (LockBox18) Wilmington , de 19801

Submitted this 9 day of March, 2007.

*Norwood Wyatt*
Norwood Wyatt  # 167137
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977





I/M Norwood Wyatt
SBI# 167137    UNIT S-C17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
844 N. King Stret (LockBox 18)
Wilmington, De 19801